## UNITED STATES COURT OF APPEALS

### FOR THE NINTH CIRCUIT

TUTOR-SALIBA CORPORATION, a
California Corporation; et al.,

      Plaintiffs - Appellants,

V.

CITY OF HAILEY, a Municipal
Corporation; et al.,

      Defendants - Appellees.

No.  04-35424
D.C. No.  CV-02-00475-BLW

**JUDGMENT**

Appeal from the United States District Court for the District of Idaho (Boise).

This cause came on to be heard on the Transcript of the Record from the United States District Court for the District of Idaho (Boise) and was duly submitted.

On consideration whereof, it is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is **AFFIRMED** in part, award **VACATED** and **REMANDED**.  Each party shall bear its own costs on appeal.

Filed and entered 07/03/06

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

JUL 2 6 2006

by:_____
Deputy Clerk

FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

TUTOR-SALIBA CORPORATION, a
California Corporation; RONALD N.
TUTOR, an Individual,
            *Plaintiffs-Appellants,*

            v.

CITY OF HAILEY, a Municipal
Corporation; BOARD OF
TRUSTEES OF THE FRIEDMAN
MEMORIAL AIRPORT AUTHORITY;
FRIEDMAN MEMORIAL AIRPORT
AUTHORITY,
            *Defendants-Appellees.*

No. 04-35424

D.C. No.
CV 02-0475 BLW

OPINION

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Argued and Submitted
March 10, 2006—Portland, Oregon

Filed July 3, 2006

Before: Melvin Brunetti, A. Wallace Tashima, and
Richard A. Paez, Circuit Judges.

Opinion by Judge Tashima

7309

# SUMMARY

## Constitutional Rights/Civil Rights

The court of appeals affirmed a judgment of the district court in part, vacated in part, and remanded. The court held that attorney's fees may be awarded to a defendant in a § 1983 action when frivolous claims are joined with claims that are not frivolous, when the claims are sufficiently distinct.

After appellees including the city of Hailey, Idaho denied appellant Ronald Tutor permission to land his jet at Friedman Memorial Airport so that he could access his vacation home because its weight exceeded the airport's 95,000-pound runway weight restriction, Tutor brought suit in district court challenging the restriction as violating substantive due process, procedural due process, equal protection, and right to travel, and his rights under the Commerce Clause, the Airport and Airway Improvement Act (AAIA), the Airport Noise and Capacity Act (ANCA), and state law. Tutor sought damages pursuant to 42 U.S.C. § 1983, as well as declaratory and injunctive relief, and attorney's fees under § 1988. Tutor was ultimately able to access his vacation home using another jet that met the airport's requirements. The district court granted summary judgment in favor of the city, concluding that all of Tutor's constitutional claims were frivolous. The court found that Tutor's AAIA and ANCA claims were issues of first impression, and therefore were not frivolous. In its summary judgment ruling, the district court cited to the case governing fee awards in frivolous actions. The district court also carefully evaluated each of Tutor's claims and focused on whether there was any colorable legal or factual basis for each claim. The city moved for attorney's fees, and the court partially granted the motion, finding that 20% of the city's legal fees were attributable to defending against the frivolous constitutional claims. The court denied Tutor's motion to vacate the

fee award, stating that its decision was based on the fact that
Tutor could not, even at the outset of the litigation, establish
that he had a constitutionally protected right to operate his
preferred aircraft at his preferred airport.

Tutor appealed the fee award.

[1] A prevailing defendant in a § 1983 action is entitled to
an attorney's fees award under § 1988 only when the plain-
tiff's action is frivolous, unreasonable, or without foundation.
In determining whether this standard has been met, a district
court must assess the claim at the time the complaint was
filed, and must avoid post hoc reasoning by concluding that,
because a plaintiff did not ultimately prevail, his action must
have been unreasonable or without foundation. [2] In its sum-
mary judgment ruling, the district court indicated that it was
aware of the proper legal standard. The district court also
determined whether there was any colorable legal or factual
basis for Tutor's claims. [3] Moreover, the district court
expressly stated that its decision was based on the fact that
Tutor could not establish that he had a constitutionally pro-
tected right to operate his preferred aircraft at his preferred
airport. Accordingly, it had to be concluded that the district
court applied the proper legal standard when it determined
that Tutor's constitutional claims were frivolous.

[4] The district court did not abuse its discretion when it
concluded that Tutor's constitutional claims were frivolous at
the outset of the litigation: Tutor knew or should have known
that his substantive due process claim lacked merit at the out-
set of the litigation because he had continuous access to the
airport, and his vacation home, through the use of an alterna-
tive aircraft; [5] Tutor was not deprived of a liberty or prop-
erty interest because he was able to access his vacation home
by use of another aircraft; [6] the weight restriction was
closely related to the city's interest in preserving the condition
of the runway; [7] Tutor offered no evidence indicating that
the ban had anything more than an incidental effect on inter-

state commerce or that the weight restriction was imposed for an impermissible purpose, rather than the obvious purpose of promoting the safety of the airport by preventing deterioration of its runways; and [8] Tutor's right to travel was not violated because he was able to use a different private jet to access his vacation home.

[9] Whether attorney's fees may be awarded to a defendant in a § 1983 action when frivolous claims are joined with claims that are not frivolous was an issue of first impression in the Ninth Circuit. The Supreme Court has held that plaintiffs could recover partial fees in situations where their unsuccessful claims were distinct in all respects from their successful claims. [10] Other circuits have permitted an award of attorney's fees for defending against frivolous claims even where frivolous and non-frivolous claims are interrelated. [11] The Eleventh Circuit has explained that it would undermine the intent of Congress to allow plaintiffs to prosecute frivolous claims without consequences merely because those claims were joined with unsuccessful claims that were not frivolous. [12] The court of appeals found the Eleventh Circuit's reasoning persuasive. Here, Tutor's constitutional and statutory claims were distinct and the merits of each claim could easily be evaluated separately. The fact that Tutor's claims arose from the same basic set of facts did not alter the court of appeals' assessment of the distinctive nature of his claims. It had to be concluded that because Tutor's constitutional claims were sufficiently distinct from his statutory claims, the district court was in a position properly to weigh and assess the amount of fees attributable to Tutor's frivolous claims. It had to be held that the district court did not err in awarding the city fees for defending against Tutor's frivolous constitutional claims. The judgment of the district court had to be affirmed.

[13] It remains important for a district court to provide a concise but clear explanation of its reasons for the fee award. If the district court fails to provide a clear indication of how

it exercised its discretion, the court of appeals will remand the award for the court to provide an explanation. [14] The district court's fee order failed to reveal the number of hours being compensated, the hourly rate being applied, and how it reached the conclusion that 20% of counsel's time and costs were apportionable to the defense against Tutor's frivolous claims. [15] Because the district court failed to provide a sufficiently detailed explanation of how it reached its award, the award of fees and costs had to be vacated and remanded so that the district court could provide that explanation.

## COUNSEL

Patrick E. Bailey, Bailey & Partners, Santa Monica, California, for the plaintiffs-appellants.

W. Eric Pilsk, Akin Gump Strauss Hauer & Feld, LLP, Washington, D.C., for the defendants-appellees.

## OPINION

TASHIMA, Circuit Judge:

Plaintiff Ronald N. Tutor ("Tutor") filed this action after defendants denied him permission to land his Boeing Business Jet at Friedman Memorial Airport in Hailey, Idaho. Tutor brought several claims under 42 U.S.C. § 1983. The district court granted defendants summary judgment on all claims, and defendants subsequently filed a post-judgment motion for attorney's fees and costs under 42 U.S.C. § 1988.[1] The district

---

[1]We note that the costs at issue here were awarded under § 1988 and not under Fed. R. Civ. P. 54(b). The court thus was not restricted to statutory items of costs under 28 U.S.C. § 1920, but had the discretion to award out of pocket expenses and costs. *See Davis v. Mason County*, 927 F.2d 1473, 1487-88 (9th Cir. 1991) (holding that reasonable out of pocket expenses that are normally billed to fee-paying clients may be awarded as costs under § 1988).

court found that all but two of the bases of Tutor's § 1983 claim were frivolous; it therefore granted defendants' motion in part for fees and costs incurred in defending against Tutor's frivolous claims, while denying the motion with respect to fees and costs incurred in defending against Tutor's non-frivolous claims.

Tutor then moved to vacate the fee order, arguing that: (1) the district court applied an improper legal standard when evaluating the § 1988 motion for attorney's fees and costs; (2) because the district court found that two bases of the § 1983 claim were not frivolous, the entire § 1983 cause of action was necessarily not frivolous; and (3) the district court's fee allocation, including costs, was unreasonable and not supported by the record. The district court denied Tutor's motion to vacate and Tutor now raises the same arguments on appeal. We have jurisdiction under 28 U.S.C. § 1291 over this post-judgment order. We affirm the district court's conclusion that defendants were entitled to partial attorney's fees and costs incurred in defending against Tutor's frivolous claims. However, because the district court failed to explain adequately how it arrived at the amount of its attorney's fee and cost award, we vacate the award and remand so that the district court may further elucidate its reasoning.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendants operate Friedman Memorial Airport, which is a single-runway airport serving the resort areas of Hailey, Ketchum, and Sun Valley, Idaho. Tutor owns a vacation home in Ketchum and requested permission to land his personal Boeing Business Jet[2] at the airport in order to access his vacation home.

---

[2]The aircraft is owned by plaintiff Tutor-Saliba Corporation and is the business, or executive, version of the Boeing 737.

The airport maintains a runway weight restriction that pro-
hibits operations by dual-wheel aircraft with a maximum
gross take-off weight of 95,000 pounds or more. Tutor's Boe-
ing Jet has a maximum gross take-off weight of 171,000
pounds. Defendants applied this weight restriction and denied
Tutor's request to operate his Boeing jet at the airport.
Although Tutor was denied permission to operate his Boeing
jet at the airport, he was able to access his vacation home by
using an alternative private jet that met the airport's weight
requirements.

Tutor's complaint challenged defendants' restriction as vio-
lating substantive due process, procedural due process, equal
protection, and right to travel and his rights under the Com-
merce Clause, the Airport and Airway Improvement Act of
1982, 49 U.S.C. §§ 47101-47131 (2004) ("AAIA"), the Air-
port Noise and Capacity Act of 1990, 49 U.S.C. §§ 47521-
47533 (2004) ("ANCA"), and state law. Tutor sought dam-
ages pursuant to 42 U.S.C. § 1983, as well as declaratory and
injunctive relief, and attorney's fees under 42 U.S.C. § 1988.

Following discovery, both sides moved for summary judg-
ment. The district court denied Tutor's motion for summary
judgment and granted defendants' motion for summary judg-
ment on all claims, finding that a number of Tutor's claims
were frivolous. Defendants subsequently moved for attorney's
fees and costs pursuant to Federal Rule of Civil Procedure 54
and 42 U.S.C. § 1988. The district court granted defendants'
motion in part, concluding that all of Tutor's constitutional
claims, *i.e.*, his substantive due process, procedural due pro-
cess, equal protection, Commerce Clause, and right to travel
claims, were frivolous. It also found, however, that Tutor's
AAIA and ANCA claims were issues of first impression, and
therefore were not frivolous. After reviewing the record,
briefs, and legal bills, the district court determined that 20
percent of defendants' legal fees were attributable to defend-
ing against the frivolous constitutional claims. It then found
that the hourly rate charged by defendants' counsel was rea-

sonable for the skill and experience of the lawyers and awarded $88,094.05 in legal fees, representing 20 percent of the total fees requested, plus $70,944.39 in costs, mostly for travel and depositions. The district court denied defendants' request for expert fees and costs. It also denied Tutor's motion to vacate the fee award. Tutor appeals the fee award.[3]

## STANDARD OF REVIEW

A district court's decision to award attorney's fees is reviewed for abuse of discretion. *Richard S. v. Dep't of Developmental Servs.*, 317 F.3d 1080, 1085 (9th Cir. 2003). "Elements of legal analysis and statutory interpretation that figure into the district court's attorney's fees decision are reviewed de novo." *Id.* at 1086 (citation omitted). Factual findings supporting the decision are reviewed for clear error. *Id.*

## DISCUSSION

### I.  Tutor's constitutional claims were frivolous.

[1] In addition to relief available under 42 U.S.C. § 1983, § 1988 provides, in relevant part, that "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). The Supreme Court has instructed that a prevailing defendant in a § 1983 action is entitled to an attorney's fees award under § 1988 only when the plaintiff's action is "frivolous, unreasonable, or without foundation." *Hughes v. Rowe*, 449 U.S. 5, 14 (1980) (per curiam) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)). In determining whether this standard has been met, a district court must assess the claim at the time the complaint was filed, and must avoid

---

[3]Tutor also separately appealed the district court's decision on the merits. That appeal was dismissed for failure to file an opening brief. *Tutor v. City of Hailey*, No. 04-35156 (9th Cir. Jul. 20, 2004) (order).

"*post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Warren v. City of Carlsbad*, 58 F.3d 439, 444 (9th Cir. 1995) (internal quotation marks and citations omitted); *Christiansburg*, 434 U.S. at 421-22.

### A.  *The district court applied the proper legal standard.*

Tutor first argues that the district court erred by applying an incorrect legal standard when it evaluated whether his constitutional claims were frivolous, unreasonable, or without foundation. Tutor contends that the district court improperly relied on evidence offered by the parties in support of their motions for summary judgment and its review of the record and its own assessment of Tutor's claims, rather than on the nature of the claims at the outset of the litigation.

[2] The only support Tutor offers for his argument is a string of partial quotes from the district court's opinions. Tutor contends that the quotes prove that the district court applied "post-hoc reasoning" and "hindsight logic" because they are in the past tense. A review of the district court's rulings, however, belies Tutor's argument. In its summary judgment ruling, the district court cited to *Christiansburg*, indicating that it was aware of the proper legal standard. The district court also carefully evaluated each of Tutor's claims and focused on whether there was any colorable legal or factual basis for each claim.

[3] Moreover, in response to Tutor's motion to vacate, the district court expressly stated that its decision was based on the fact that Tutor "could not, even at the outset of the litigation, establish that [he] had a Constitutionally protected right to operate [his] preferred aircraft at [his] preferred airport." *See Head v. Medford*, 62 F.3d 351, 356 (11th Cir. 1995) (per curiam) (reversing the denial of attorney's fees after summary judgment because "the assertion of a constitutional claim based knowingly on a nonexistent property interest was

legally groundless"); *Flowers v. Jefferson Hosp. Ass'n*, 49 F.3d 391, 392-93 (8th Cir. 1995) (per curiam) (affirming fee award where district court "specifically considered the Supreme Court's admonition in *Christiansburg* to refrain from *post hoc* reasoning and to view the reasonableness of the matter from the plaintiff's perspective at the time"). Accordingly, we conclude that the district court applied the proper legal standard when it determined that Tutor's constitutional claims were frivolous.

**B.  *Tutor's constitutional claims were frivolous.***

We next examine whether the district court abused its discretion when it concluded that Tutor's constitutional claims were frivolous at the outset of the litigation. *See Christiansburg*, 434 U.S. at 421; *Thomas v. City of Tacoma*, 410 F.3d 644, 650 (9th Cir. 2005). Tutor argues that his constitutional claims were not frivolous because they were supported by existing case law. Although Tutor cites various cases which he contends demonstrate that his claims were not frivolous, as we explain below, we conclude that the district court did not abuse its discretion when it found that Tutor lacked a factual and legal basis for his constitutional claims at the outset of the litigation.

1.  *Substantive Due Process*

Tutor alleged that the airport's runway weight limitation violated his substantive due process right because it denied him access to the airport and his real property in Ketchum, Idaho. To establish a violation of substantive due process, a plaintiff must first show a deprivation of some fundamental right or liberty interest that is "deeply rooted in this Nation's history and tradition." *Washington v. Glucksberg*, 521 U.S. 702, 720-21 (1997) (internal quotation marks omitted). We need not address whether Tutor was deprived of a fundamental right, however, because Tutor's complaint makes it clear

that he was not deprived of access to the airport or to his vacation home.

[4] Tutor knew or should have known that his substantive due process claim lacked merit at the outset of the litigation because he had continuous access to the airport, and his vacation home, through the use of an alternative aircraft. Accordingly, the district court did not abuse its discretion when it found that this claim was frivolous.

### 2.   *Procedural Due Process*

To establish a violation of procedural due process a plaintiff must demonstrate: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections. *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998).

[5] As noted above, Tutor was not deprived of a liberty or property interest because he was able to access his vacation home by use of another aircraft. Accordingly, the district court did not abuse its discretion when it found that Tutor knew that this claim was frivolous from the outset of the litigation.

### 3.   *Equal Protection*

Tutor claimed that the runway weight limitation violates the Equal Protection Clause on the grounds that: (1) aircraft similar to the Boeing Business Jet were permitted to operate at the airport; (2) in the past the airport permitted aircraft weighing more than 95,000 pounds to operate; and (3) basing the rule on maximum certified take-off weight, rather than actual operating weight, was arbitrary.

In order to determine whether a regulatory classification violates the Equal Protection Clause, courts consider first whether the classification is based on a suspect class or impli-

cates fundamental rights. *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992). If so, the classification is evaluated under a heightened standard. *Id.* If not, the classification is evaluated under the "rational basis" standard. *Id.*

It is clear that aircraft weight is not a suspect classification, and there is no fundamental right to land an aircraft at any particular airport. *See Hager v. City of West Peoria*, 84 F.3d 865, 872 (7th Cir. 1996) ("Access to real property does not rise to the level of a fundamental right such that its denial merits heightened scrutiny."). Therefore, rational basis review applies.

Under rational basis review, the Equal Protection Clause is satisfied if: (1) "there is a plausible policy reason for the classification," (2) "the legislative facts on which the classification is apparently based rationally may have been considered to be true by the governmental decisionmaker," and (3) "the relationship of the classification to its goal is not so attenuated as to render the distinction arbitrary or irrational." *Nordlinger*, 505 U.S. at 11 (citations omitted).

[6] Tutor's arguments do not overcome the obvious rational basis for the weight limitation. Since the weight restriction is closely related to the defendants' interest in preserving the condition of the runway, and Tutor had no factual basis to support his contention that the defendants permitted other aircraft exceeding the 95,000 pound maximum take-off weight to operate at the airport, the district court did not abuse its discretion when it concluded that Tutor knew or should have known that this claim was frivolous.

### 4. *Impermissible Burden on Interstate Commerce*

[7] Tutor argued that defendants' ban on dual-wheel aircraft with a maximum take-off weight in excess of 95,000 pounds is an impermissible burden on interstate commerce. To prove a Commerce Clause violation, Tutor had the burden

of showing that defendants' restriction has the effect of discriminating against out-of-state interests as compared to in-state interests, or was imposed with the primary purpose of regulating interstate commerce. *Hughes v. Oklahoma*, 441 U.S. 322, 336 (1979). Tutor, however, merely asserted that he believed the ban was an impermissible burden on interstate commerce without offering any evidence to support the claim. Tutor offered no evidence indicating that the ban had anything more than an incidental effect on interstate commerce or that the weight restriction was imposed for an impermissible purpose, rather than the obvious purpose of promoting the safety of the airport by preventing deterioration of its runways. Accordingly, the district court did not abuse its discretion when it found that Tutor knew or should have known that this claim was frivolous from the outset of the litigation.

### 5.   Right to Travel

[8] Tutor claimed that defendants' ban on dual-wheel aircraft with a maximum take-off weight in excess of 95,000 pounds denied him his right to travel as guaranteed by the Fourteenth Amendment to the United States Constitution. We have previously held, however, that "burdens on a single mode of transportation do not implicate the right to interstate travel." *Miller v. Reed*, 176 F.3d 1202, 1205 (9th Cir. 1999) (citations omitted). Here, Tutor's right to travel was not violated because he was able to use a different private jet to access his vacation home. In addition, Tutor could have flown into a different airport, flown on a commercial airliner, or used another mode of transportation. Accordingly, the district court did not abuse its discretion when it concluded that Tutor knew or should have known, from the outset of the litigation, that this claim was frivolous.

## II.   A § 1988 fee award is proper when distinct frivolous claims are joined with non-frivolous claims.

Having concluded that the district court did not abuse its discretion when it found that Tutor's constitutional claims

were frivolous, we must next decide whether attorney's fees may be awarded to a defendant in a § 1983 action when frivolous claims are joined with claims that are not frivolous.

[9] Tutor argues that the district court's determination that two of the bases of his § 1983 claim were not frivolous precludes an award of attorney's fees under § 1988. While this is an issue of first impression in this circuit, we find the Supreme Court's decision in *Hensley v. Eckerhart*, 461 U.S. 424 (1983), instructive. In *Hensley*, the Court decided whether plaintiffs could recover partial attorney's fees when they brought both successful and unsuccessful claims. *Id.* at 440. The Court held that plaintiffs could recover partial fees in situations where their unsuccessful claims were "distinct in all respects from [their] successful claims." *Id.* Although the Court acknowledged that there is "no certain method of determining when claims are related or unrelated," *id.* at 437 n.12 (internal quotation marks omitted), it explained that claims involving a common core of facts, or based on related legal theories, should not be viewed as a series of discrete claims because "[m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis," *id.* at 435. The Court also noted, in dicta, that a defendant could recover attorney's fees in situations where a plaintiff succeeds on one claim, but also asserts a frivolous claim unrelated to the successful claim. *Id.* at 435 n.10.

Some circuits have concluded that, where a plaintiff's frivolous and non-frivolous claims are sufficiently *intertwined*, the defendant cannot recover attorney's fees for the time spent defending against the frivolous claims. *See Colombrito v. Kelly*, 764 F.2d 122, 132 (2d Cir. 1985) (reversing district court's award of attorney's fees where plaintiff's frivolous and non-frivolous claims were closely intertwined, and continuation of the meritless claim past discovery had only minimal effect on the time and other resource costs of the litigation); *Tarter v. Raybuck*, 742 F.2d 977, 987-88 (6th Cir.

1984) (finding that the district court abused its discretion in awarding attorney's fees to the defendant because action that included one non-frivolous claim was not wholly meritless or without foundation).

Tutor similarly argues that the district court erred in awarding defendants partial fees because his § 1983 claim is a single, interrelated claim that arises from a common set of facts. This argument finds support in *Hensley*, which instructs that claims involving a common core of facts, or related legal theories, should not be viewed as a series of discrete claims for purposes of awarding a prevailing plaintiff attorney's fees. *See* 461 U.S. at 435. In addition, the legislative history behind § 1988 demonstrates Congress' intent to promote vigorous private enforcement of civil rights, *see* S. Rep. 94-1101 (1976), and permitting district courts to parse out frivolous claims from a set of interrelated claims may chill such enforcement. *See Miller v. Los Angeles County Bd. of Educ.*, 827 F.2d 617, 619 (9th Cir. 1987) ("The strict nature of the *Christiansburg* standard is premised on the need to avoid undercutting Congress' policy of promoting vigorous prosecution of civil rights violations under Title VII and § 1983.").

[10] Other circuits, however, have permitted an award of attorney's fees for defending against frivolous claims even where frivolous and non-frivolous claims are interrelated. *See, e.g., Ward v. Hickey*, 996 F.2d 448 (1st Cir. 1993). In *Ward*, the First Circuit held that interrelation between claims was only one factor in the award of attorney's fees, and could not be used "to decide not to grant any fees." *Id.* at 455. The court concluded that, despite the high bar defendants must satisfy to receive fees in civil rights cases, fee awards are still necessary to deter frivolous claims and that "a district court should not deny fees for defending frivolous claims merely because calculation would be difficult." *Id.* at 455-56.

[11] In *Quintana v. Jenne*, 414 F.3d 1306 (11th Cir. 2005), the Eleventh Circuit approved *Ward*'s reasoning and affirmed

a district court's award of attorney's fees for defending against a claim it found frivolous, while reversing the district court's award of fees for the defense against a claim that was not frivolous. *Id.* at 1312. The court explained that it would "undermine the intent of Congress to allow plaintiffs to prosecute frivolous claims without consequences merely because those claims were joined with unsuccessful claims that were not frivolous." *Id.* Although the court recognized that the plaintiff's claims arose from a common set of facts, it reasoned that the plaintiff's claims were not intertwined because the plaintiff had distinguished the claims in his complaint and had advanced sufficiently distinct arguments. *Id.* Accordingly, the court remanded the case to the district court so that it could "weigh and assess the amount of attorney's fees attributable exclusively to [plaintiff's frivolous claim]." *Id.*

[12] We find the Eleventh Circuit's reasoning in *Quintana* persuasive. Here, Tutor's constitutional and statutory claims were distinct and the merits of each claim could be easily evaluated separately. Throughout the district court proceedings, from the complaint through the summary judgment briefing, the constitutional and statutory claims were argued separately. The fact that Tutor's claims arose from the same basic set of facts does not alter our assessment of the distinctive nature of his claims. Notably, the factual record was not complex and the parties did not dispute the material facts underlying Tutor's claims. The dispute centered on the legal conclusions that could be drawn from — the legal significance of — the undisputed facts. We reject Tutor's proposed rule, under which entitlement to attorney's fees would depend not upon the district court's review of the merits of a plaintiff's § 1983 claims, but upon how a plaintiff chose to draft his complaint. Instead, we conclude that because Tutor's constitutional claims were sufficiently distinct from his statutory claims, the district court was in a position properly to weigh and assess the amount of fees attributable to Tutor's frivolous claims. *See Quintana*, 414 F.3d at 1312.[4] We thus hold that

---

[4]Because we conclude that Tutor's claims were not intertwined, we do not reach the question of whether a district court may award partial attor-

the district court did not err in awarding defendants fees for defending against Tutor's frivolous constitutional claims.

## III.   Determination of the amount of the award must be adequately explained.

Finally, Tutor argues that the district court abused its discretion in determining the amount of the fee award because the award is unreasonable and not supported by the record. In setting the amount of an attorney's fees award under § 1988, a district court must utilize the "lodestar" method of calculating the award, which is accomplished by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Hensley*, 461 U.S. at 433. The Supreme Court has established "a strong presumption that the lodestar represents the reasonable fee." *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) (citation and internal quotation marks omitted). This court also requires consideration of the 12-factor *Kerr* test. *See Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

[13] Although "[t]he determination of attorney fees is within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion," *Zuniga v. United Can Co.*, 812 F.2d 443, 454 (9th Cir. 1987) (citation omitted), the Supreme Court has directed that "[i]t remains important . . . for the district court to provide a concise but clear explanation of its reasons for the fee award." *Hensley*, 461 U.S. at 437. If the district court fails to provide a clear indication of how it exercised its discretion, we will remand the award for the court to provide an explanation. *See D'Emanuele v. Montgomery Ward & Co., Inc.*, 904 F.2d 1379, 1384-86 (9th Cir. 1990), *overruled on other grounds by Dague*, 505 U.S. 557.

ney's fees where frivolous claims are combined with non-frivolous claims and the claims are not sufficiently distinct. *See, e.g., Ward*, 996 F.2d at 455.

For example, in *Chalmers v. City of Los Angeles*, 796 F.2d 1205 (9th Cir. 1986), we vacated and remanded an attorney's fee award for failure to provide a clear but concise explanation. *Id.* at 1213. We explained that "the district court failed to indicate what number of hours were being compensated and what hourly rate was applied." *Id.* There, the district court also reduced the fee award to reflect the plaintiff's lack of complete success, but failed to "articulate with sufficient clarity the manner in which it [made] its determination of a reasonable hourly rate and the number of hours which should be reasonably compensated." *Id.* at 1211; *see also McGrath v. County of Nevada*, 67 F.3d 248, 254 (9th Cir. 1995) (vacating and remanding an attorney's fee award because the district court insufficiently explained how it arrived at the award); *D'Emanuele*, 904 F.2d at 1384-86 (same).

[14] Here, defendants' counsel submitted detailed time records, an affidavit setting forth his experience and background, and his billing rates and practices. The affidavit, however, failed adequately to separate out what percentage of fees were incurred on each claim. Although the district court stated that it utilized the "lodestar" method to calculate the fee award, and that it had considered the factors enunciated in *Kerr*, 526 F.2d at 70, its order failed to reveal the number of hours being compensated, the hourly rate being applied, and how it reached the conclusion that 20 percent of counsel's time and costs were apportionable to the defense against Tutor's frivolous claims. As we explained in *Chalmers*:

> We recognize that deference is to be given to a district court's determination of a reasonable attorney's fee. Nonetheless, it remains important for the district court to provide an adequate explanation of the reasons for its award and the manner in which that award was determined. Here, while the order does indicate that the *Kerr* factors were considered, the district court failed to indicate what number of hours were being compensated and what hourly rate was

applied. . . . Without some indication or explanation of how the district court arrived at the amount of fees awarded, it is simply not possible for this court to review such an award in a meaningful manner. Absent some indication of how the district court's discretion was exercised, this court has no way of knowing whether that discretion was abused.

796 F.2d at 1213.

[15] Because the district court failed to provide a sufficiently detailed explanation of how it reached its award, the award of fees and costs must be vacated and remanded so that the district court can provide that explanation.

## CONCLUSION

The district court did not abuse its discretion in concluding that Tutor's constitutional claims were frivolous, because Tutor knew or should have known that he had no factual basis for his constitutional claims at the outset of the litigation. The district court also properly concluded that defendants were entitled to a partial award of attorney's fees and costs incurred in defending against Tutor's frivolous claims. However, because the district court failed adequately to explain how it arrived at the amount of its award, we vacate the attorney's fee and costs order and remand so that the district court may further elucidate its reasoning. Each party shall bear its own costs on appeal.

**AFFIRMED   in   part,   award   VACATED   and REMANDED.**

INTERNAL USE ONLY: Proceedings include all events.
04-35424 Tutor, et al v. City of Hailey, et al

TUTOR-SALIBA CORPORATION, a          James L. Martin
California Corporation               FAX              208
        Plaintiff - Appellant        208/345-2000
                                     [COR LD NTC ret]
                                     MOFFATT THOMAS BARRETT ROCK &
                                     FIELDS, CHTD.
                                     P.O. Box 829
                                     Boise, ID 83701

                                     Carolyn J. Shields, Esq.
                                     FAX 310/392-8091
                                     310/392-5000
                                     Second Floor
                                     [COR LD NTC ret]
                                     Patrick E. Bailey, Esq.
                                     FAX 310/392-8091
                                     310/392-5000
                                     [COR NTC ret]
                                     BAILEY & PARTNERS
                                     2828 Donald Douglas Loop North
                                     Santa Monica, CA 90405

RONALD N. TUTOR, an Individual       James L. Martin
        Plaintiff - Appellant        (See above)
                                     [COR LD NTC ret]

                                     Carolyn J. Shields, Esq.
                                     (See above)
                                     [COR LD NTC ret]
                                     Patrick E. Bailey, Esq.
                                     (See above)
                                     [COR NTC ret]


      v.

CITY OF HAILEY, a Municipal          W. Eric Pilsk, Esq.
Corporation                          FAX
        Defendant - Appellee         202/887-4000
                                     #400
                                     [COR LD NTC ret]
                                     AKIN GUMP STRAUSS HAUER & FELD,
                                     LLP
                                     Robert S. Strauss Bldg.
                                     1333 New Hampshire Ave., NW
                                     Washington, DC 20036-1564

                                     Barry L. Luboviski, Esq.
                                     208/726-8219
                                     [COR LD NTC ret]
                                     LUBOVISKI WYGLE & FALLOWFIELD
                                     P.O. Box 1172
                                     Ketchum, ID 83340